■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY RAYNE, Appellant. [595 NYS2d 24] —Judgment, Supreme Court, New York County (Stephen G. Crane, J.), entered February 13, 1990, convicting the defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the first degree, and sentencing him to a term of 5 years to life, unanimously modified, as a matter of discretion in the interest of justice, to reduce the defendant's conviction to criminal possession of a controlled substance in the second degree, and otherwise affirmed.

Members of the Port Authority Interdiction Team observed the defendant, who was carrying a black knapsack, acting suspiciously before boarding an outgoing bus. They then followed him onto the bus and asked him where he was going, with whom he was travelling and if he had any luggage. When the defendant denied having any baggage, the detective retrieved the knapsack from underneath the defendant's seat and discovered narcotics inside. The defendant was arrested and moved to suppress physical evidence. The motion was denied and the defendant pleaded guilty.

The defendant concedes that the detectives had an objective credible reason to approach and request information from him based on his conduct at the terminal *(People v Hollman,* 79 NY2d 181). However, he now contends that the detective exaggerated and embellished his testimony concerning the defendant's conduct which gave the detective the purported articulable reason to approach and question him. He further maintains that the detective exceeded the scope of permissible questioning.

The Supreme Court found the testimony of the detective credible. Great weight must be accorded the findings of the hearing court which saw and heard the witness *(People v Prochilo,* 41 NY2d 759, 761). The defendant's contention that the detective exceeded the scope of permissible questioning is unpreserved and belied by the record.

Finally, the defendant correctly contends, and the People concede, that his conviction should be modified to reflect the parties' intent in the plea bargain that the defendant plead to an A-II felony *(People v Brown,* 151 AD2d 687). Concur— Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.